UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| One Canik TP-9SF 9mm pistol, serial no. 15AT32088; | ) JURY TRIAL REQUESTED |
| | ) |
| One Ruger 10/22 rifle, serial no. 0003-35338; | ) |
| | ) |
| One Ruger 10/22 rifle, serial no. 0010-38090; | ) |
| | ) |
| One Zastava PAP M92 PV pistol, serial no. M92PV071191; | ) |
| | ) |
| One Glock Inc. 42 pistol, serial no.ACSS820; | ) |
| | ) |
| One LRB Arms M15SA rifle, serial no.035161; | ) |
| | ) |
| Ruger LCP pistol, serial no.372112525; and | ) |
| | ) |
| Mossberg 500A shotgun, serial no. 42965B, | ) |
| | ) |
| all seized from Krystara Valley, | ) |
| | ) |
|     Defendants *in rem*. | ) |
| | ) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*,
FOR PROPERTY WITHIN THE UNITED STATES' POSSESSION, CUSTODY
OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G**

Plaintiff, United States of America, brings this complaint in accordance with

Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims,

and alleges:

**NATURE OF THE ACTION**

This is an action to forfeit and condemn to the use and benefit of the United States of

America the following properties: (1) One Canik TP9SF 9mm pistol, serial no. 15AT32088, (2)

One Ruger 10/22 rifle, serial no. 0003-35338; (3) One Ruger 10/22 rifle, serial no. 0010-38090; (4) One Zastava PAP M92 PV pistol, serial no. M92PV071191; (5) One Glock Inc. 42 pistol, serial no.ACSS820; (6) One LRB Arms M15SA rifle, serial no.035161; (7) One Ruger LCP pistol, serial no.372112525, and (8) One Mossberg 500A shotgun, serial no. 42965B, all seized from Krystara Valley, pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11).

## JURISDICTION AND VENUE

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant *in rem* properties under 18 U.S.C. § 924 and 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1355, 1395. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355, 1395.

## THE DEFENDANTS *IN REM*

The defendants *in rem* are: (1) One Canik TP9SF 9mm pistol, serial no. 15AT32088, (2) One Ruger 10/22 rifle, serial no. 0003-35338; (3) One Ruger 10/22 rifle, serial no. 0010-38090; (4) One Zastava PAP M92 PV pistol, serial no. M92PV071191; (5) One Glock Inc. 42 pistol, serial no.ACSS820; (6) One LRB Arms M15SA rifle, serial no.035161; (7) One Ruger LCP pistol, serial no.372112525, (8) One Mossberg 500A shotgun, serial no. 42965B, all seized from Krystara Valley. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has custody of the defendants *in rem.*

## FACTS

1. On November 15, 2019, "), pursuant to a New Hampshire state arrest warrant, officers stopped a 2014 brown Buick Encore driven by Krystara Valley ("Krystara") to arrest her husband, Jacob Valley ("Jacob. Jacob is a convicted felon, with convictions for second degree assault and witness tampering in 2014, and theft by unauthorized taking and receiving stolen

property in 2016.

2. Krystara told the officers that she had a handgun and some "weed" in her purse, which was on the backseat of the vehicle. Krystara said that she spent about $100 per day on marijuana. Agents told Krystara that having marijuana and a firearm together was a federal felony offense. Krystara replied, "I smoke a lot"… "like a lot."

3. The vehicle was towed to the police station. ATF agents applied for and executed a federal search warrant for the vehicle. During a search, agents seized the defendant *in rem* (1), a Canik Model TP9SF 9mm pistol, serial number 15AT32088, loaded with 16 rounds of ammunition, and a plastic bag with 6.5 grams of marijuana from Krystara's purse.



Marijuana smoking paraphernalia, such as Backwoods wrappers, ash and "roaches" (the small unburned ends of marijuana cigarettes), were located in the cup holders, floorboards and door handles of the vehicle. Additionally, Krystara's purse contained $5,216.00 in U.S. Currency. Agents also found a prescription bottle for Methadone that contained 14 pills. The Methadone was prescribed to a third party.

4. The agents told Krystara that a federal search warrant was going to be executed that day for her residence and asked her if there were any other firearms inside the residence. Krystara said that there were, and that they were located "throughout the house". She said that none of the firearms were locked or secured. When asked if the firearms had any ammunition

inside of them, she replied "some of them might have it [ammunition] but none of them are cocked to shoot or anything."

5. The agents asked her what types of guns were located inside of the house, and she replied, "I have a lot of guns" and "they're all legal guns." When asked to describe the guns Valley owned in detail, she laughed and said, "I have a couple bigger ones…rifles…um…six…" … "only three bigger ones" and stated that the rest of the firearms were handguns. Agents asked where the firearms were located inside of the house, Krystara replied, "some in the kitchen" and "in the corner against the wall"… "I think there's an unloaded one, with, there's, I know there's nothing in it because I took it out of my purse yesterday and it's upstairs". Krystara said that the unloaded firearm was a black handgun.

6. That day, agents executed the federal search warrant at 28 Hillside Drive, Lempster, New Hampshire, Jacob and Krystara's home, and seized: defendants *in rem* (2) through (4) from a corner in the living room; defendant *in rem* (5) from the top of the master bedroom nightstand; defendant *in rem* (6) from the master bedroom; defendant *in rem* (7) from an orange and tan backpack on the master bedroom floor, and defendant *in rem* (8) from a shed in the back yard. Agents also seized over 1600 rounds of assorted ammunition.



6. Krystara told the agents that she had quit her job cleaning at the DMV in Newport, New Hampshire, and planned to open a children's consignment business. She said that she and Jacob had recently purchased the business, "The Kids Exchange," from her neighbor for $4,000.

7. During previous firearm purchases, Krystara (formerly known as Krystara Bergeron) completed several ATF Forms 4473, which advised her of the federal prohibition against marijuana use and firearm possession.

8. ATF Agents reviewed Jacob and Krystara's social media posts and private messages from May 30, 2018 through December 28, 2018, pursuant to a Facebook Search Warrant for Jacob Valley. The majority of the messages and posts focused on purchasing, smoking and consuming marijuana. Krystara was aware that Jacob (her boyfriend at the time), was a convicted felon, and was prohibited from possessing firearms. On December 2, 2018, she posted the following status on social media:

> Dating a felon …
> He ain't replied in 2 hours 😔 let me
> check the inmate listing 🥴

Krystara's private messages sent to Jacob include:

- November 29, 2018 - Wanna come smoke
- November 21, 2018 - She said to give her 15 mins I'm done so imma smoke and wait lol...
- November 12, 2018 – Come Shmoke Blunt Is Lit
- September 16, 2018 - So thank u for waisting my day and night saying I was getting Weed
- November 16, 2018 - Everytime I'm always asleep u message some shit I have no idea wtf ur doin all I wanted was to smoke now its 307

9. Krystara posted pictures smoking suspected marijuana and posted screenshots of photos with Jacob consuming suspected marijuana.



10. A Federal Grand Jury indicted Jacob on December 18, 2019, charging him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Trial is scheduled for September 15, 2020.

FIRST CLAIM FOR FORFEITURE
21 U.S.C. § 881(a)(11)

11. The allegations contained in paragraphs 1 through 10 of this Verified Complaint for Forfeiture in Rem are incorporated by reference.

12. Title 21, United States Code, Section 881(a)(11) provides that "any firearm. . . used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of . . ." controlled substances or proceeds traceable to controlled substances, shall be forfeited to the United States.

13. The defendant *in rem* (1) is a firearm that was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, or proceeds traceable to controlled substances.

14. As a result, the defendant *in rem* (1) firearm is liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(11).

SECOND CLAIM FOR FORFEITURE
18 U.S.C. § 924(d)

15. The allegations contained in paragraphs 1 through 10 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

16. Pursuant to 18 U.S.C. § 922 (g)(1), "it shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

17. Pursuant to 18 U.S.C. § 922(g)(3), it is unlawful for any person who is an unlawful user of or addicted to any controlled substance…to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18. Pursuant to 18 U.S.C. § 924(d)(1), any firearm or ammunition involved or used in violation of 18 U.S.C.§ 922(g) shall be subject to seizure and forfeiture.

19. As a result, the defendant *in rem* firearms (1) through (8) are liable to condemnation and forfeiture to the United States for its use, in accordance with 18 U.S.C. § 924(d)(1).

**PRAYERS FOR RELIEF**

Therefore, the United States requests that:

(a) the Clerk of Court issue a Warrant of Arrest in Rem in the form submitted with this Verified Complaint to the Bureau of Alcohol, Tobacco, Firearms and Explosives for the District of New Hampshire, commanding him to arrest the defendants *in rem*;

(b) this matter be scheduled for a jury trial;

(c) judgment of forfeiture be entered; and

(d) this Court grant the United States its costs and whatever other relief to which it may be entitled.

        Respectfully Submitted,

        SCOTT W. MURRAY
        United States Attorney

Dated: July 15, 2020      By:     /s/ Robert J. Rabuck
        Robert J. Rabuck
        NH Bar # 2087
        Assistant U.S. Attorney
        District of New Hampshire
        53 Pleasant Street
        Concord, New Hampshire
        603-225-1552
        Rob.Rabuck@usdoj.gov

# **VERIFICATION**

  I, John R. Cook, being duly sworn, depose and say that I am a Special Agent with the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture in Rem and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

  The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the firearms and controlled substance laws of the State of New Hampshire and of the United States.

                /s/ John R. Cook
                John R. Cook


STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

  Subscribed and sworn to before me this 15th day of July 2020.

                /s/ Joan E. Hederman
                Notary Public

  My commission expires on April 8, 2025.

JS 44-A
JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | ❏ 791 Employee Retirement Income Security Act | | ❏ 895 Freedom of Information Act |
| | | | | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Defendants in rem:

One Canik TP-9SF 9mm pistol, serial no. 15AT32088,

One Ruger 10/22 rifle, serial no. 0003-35338;

One Ruger 10/22 rifle, serial no. 0010-38090;

One Zastava PAP M92 PV pistol, serial no. M92PV071191;

One Glock Inc. 42 pistol, serial no.ACSS820;

One LRB Arms M15SA rifle, serial no.035161;

Ruger LCP pistol, serial no.372112525; and

Mossberg 500A shotgun, serial no. 42965B, all seized from Krystara Valley.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| One Canik TP-9SF 9mm pistol, serial no. 15AT32088, | ) |
| | ) |
| One Ruger 10/22 rifle, serial no. 0003-35338; | ) |
| | ) |
| One Ruger 10/22 rifle, serial no. 0010-38090; | ) |
| | ) |
| One Zastava PAP M92 PV pistol, serial no. M92PV071191; | ) |
| | ) |
| One Glock Inc. 42 pistol, serial no.ACSS820; | ) |
| | ) |
| One LRB Arms M15SA rifle, serial no.035161; | ) |
| | ) |
| Ruger LCP pistol, serial no.372112525; and | ) |
| | ) |
| Mossberg 500A shotgun, serial no. 42965B, | ) |
| | ) |
| all seized from Krystara Valley, | ) |
| | ) |
| Defendants *in rem*. | ) |
| _____ | ) |

**SUMMONS AND WARRANT OF ARREST IN REM
FOR ISSUANCE BY THE CLERK OF COURT FOR PROPERTY
WITHIN THE UNITED STATES' POSSESSION, CUSTODY OR CONTROL
<u>PURSUANT TO SUPPLEMENTAL RULE G(3)(b)(I)</u>**

To the Bureau of Alcohol, Tobacco, Firearms and Explosives, or any duly authorized

Federal Law Enforcement Officer for the District of New Hampshire:

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and

Maritime Claims, a Verified Complaint for Forfeiture in Rem has been filed on July 16, 2020, in

the U.S. District Court for the District of New Hampshire, alleging that the following property is

subject to forfeiture to the United States on the following grounds: : (1) One Canik TP9SF 9mm pistol, serial no. 15AT32088, (2) One Ruger 10/22 rifle, serial no. 0003-35338; (3) One Ruger 10/22 rifle, serial no. 0010-38090; (4) One Zastava PAP M92 PV pistol, serial no. M92PV071191; (5) One Glock Inc. 42 pistol, serial no.ACSS820; (6) One LRB Arms M15SA rifle, serial no.035161; (7) One Ruger LCP pistol, serial no.372112525, and (8) One Mossberg 500A shotgun, serial no. 42965B, all seized from Krystara Valley, for violations of 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11).

    YOU ARE, THEREFORE, COMMANDED to seize the captioned defendants *in rem*, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

    IT IS FURTHER ORDERED that the Bureau of Alcohol, Tobacco, Firearms and Explosives shall maintain custody of the defendants *in rem* until further order of this Court, and shall use his discretion and whatever means appropriate to protect and maintain said defendant *in rem*;

    IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the defendant *in rem*, a copy of this Summons and Warrant of Arrest *in rem*, and the Verified Complaint for Forfeiture *in Rem*, in a manner consistent with the principles of service of process in an action *in rem* under Supplemental Rule G and other Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(a);

    IT IS FURTHER ORDERED that a return of this Summons and Warrant of Arrest *in rem* shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendants *in rem* shall file their Verified Claims within thirty-five (35) days after the date on which they were sent the Notice of Complaint or the final publication of notice of the filing of the Complaint, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G(4)(b)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their Answers to the Complaint within twenty-one (21) days after the filing of their Verified Claims, pursuant to Rule G(4)(b)(ii)( C) of the Supplemental Rules for Certain Admiralty and Maritime Claims, with the Office of the Clerk, United States District Court for the District of New Hampshire, with a copy sent to Assistant United States Attorney Robert J. Rabuck, United States Attorney's Office, District of New Hampshire, 53 Pleasant Street, Concord, NH 03301.

Dated:

_____
DANIEL J. LYNCH, CLERK